# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                                          Case No: 8:15-cv-2212-T-30AEP

$200,686.00 IN U.S. CURRENCY,

   Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike (Dkt. #15) and Claimants' Response (Dkt. #17) thereto. Upon review and consideration, the Court determines that the Motion should be denied.

## Discussion

On September 22, 2015, the United States filed a civil forfeiture case against the Defendant Currency (Dkt. #1). On January 28, 2016, Alfred P. Byrne filed a verified claim (Dkt. #10). On February 2, 2016, the United States advised Byrne's counsel that the claim was deficient and would need to be re-filed on behalf of the corporations who claim ownership of the Defendant Currency.[1] Byrne's counsel agreed to file an amended claim and an answer to the complaint.

On May 4, 2016, Urban PCS, LLC, Liberty PCS, LLC, and Vallego Business Services, LLC, d/b/a Biz Zone ("Claimants") filed revised verified claims (Dkt. #13) and

---

[1] According to the United States, Alfred Byrne did not have standing to file a claim because the seized money belonged to three corporations.

answers (Dkt. #14).   It appears that Claimants are limited liability corporations incorporated under the laws of California (Dkt. #13).

The United States now moves to strike Claimants' revised verified claims and answers because they have been suspended and have lost all rights and privileges as corporations, including the right to sue or defend any action in court.  Specifically, the United States notes that, according to the California Secretary of State website (http://kepler.sos.ca.gov/), all three of the LLCs are suspended or forfeited by the Franchise Tax Board for failure to meet tax requirements (e.g., failure to file a return, pay taxes, penalties, interest).  As such, the United States contends that this Court should strike Claimants' claims and answers.

Claimants' response to the motion states that they have consulted with "Joshua Cooper CPA, a California accountant who represents all three Claimants" and Cooper has advised them that the "suspended" status is a common status by the California Secretary of State and simply refers to the fact that the LLC's have not yet filed their current tax returns (Dkt. #17).  Claimants further state that Cooper is preparing updated tax returns for Claimants and that, when the returns are filed and the related tax payments are made, Claimants' status will return to active.

The Court concludes that it would be premature to strike Claimants' filings at this time in light of their promise to immediately redress their pending tax obligations.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiff's Motion to Strike (Dkt. #15) is DENIED.

2. Claimants have sixty (60) days from the date of this Order to resolve their tax obligations with the Franchise Tax Board. If the issue is not resolved during that time, the United States may renew the motion to strike.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of June, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-2212 strike 15.docx